**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10229 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-08204-NVW-1 |
| v. | MEMORANDUM* |
| WILBERT TSOSIE, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted May 15, 2013
San Francisco, California

Before: CLIFTON and BEA, Circuit Judges, and KORMAN, District Judge.**

Wilbert Tsosie appeals his jury conviction for murdering his girlfriend,

Lorena Martin, at their home on the Navajo Indian Reservation. We have

jurisdiction under 28 U.S.C. § 1291 and affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Edward R. Korman, District Judge for the Eastern District of New York, sitting by designation.

**1.     Motion for a Continuance**

The district court did not abuse its discretion when it denied Tsosie's motion for a continuance. *See United States v. Rivera-Guerrero*, 426 F.3d 1130, 1138 (9th Cir. 2005) ("A district court's denial of a continuance is reviewed for an abuse of discretion."). In reviewing the denial of a continuance we weigh four factors: (1) "the extent of appellant's diligence in his efforts to ready his defense prior to the date set for hearing"; (2) "how likely it is that the need for a continuance could have been met if the continuance had been granted"; (3) "the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses"; and (4) "the extent to which the appellant might have suffered harm as a result of the district court's denial." *Id.* at 1138-39 (quoting *United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985)).

Three factors weigh against Tsosie. First, the need for a continuance was a direct result of his lack of diligence, as he waited until weeks before the firm trial date to view the Government's evidence. Second, the continuance would have significantly inconvenienced the district court. Third, it is unclear whether Tsosie actually suffered any prejudice. The record did not indicate that a DNA analysis of blood, hair, and fibers on Martin's jacket would have provided any probative

evidence, and any potential prejudice was at least partly mitigated at trial when Tsosie admitted photos of the jacket and elicited testimony about the jacket.

The denial of the continuance also did not deprive Tsosie of his constitutional right to present a complete defense. Although criminal defendants have a constitutional right to "a meaningful opportunity to present a complete defense," *United States v. Stever*, 603 F.3d 747, 755 (9th Cir. 2010) (citation omitted), that right is "subject to reasonable restrictions, such as evidentiary and procedural rules," *Moses v. Payne*, 555 F.3d 742, 757 (9th Cir. 2009) (internal quotation marks and citation omitted). The denial of the continuance was a permissible exercise of the district court's discretion to manage its docket.

Moreover, the DNA analysis Tsosie sought was not necessarily crucial to his defense. *Cf. United States v. Lopez-Alvarez*, 970 F.2d 583, 588 (9th Cir. 1992) (stating that the exclusion of evidence based on a valid application of hearsay rules may nonetheless amount to a constitutional violation if the "evidence [was] sufficiently reliable and crucial to the defense"). The probative value of the DNA analysis was unknown, and Tsosie argued about the jacket at trial.

## 2. Exclusion of Barkman's Testimony as a Discovery Sanction

The district court erred when it excluded Weaver Barkman's testimony regarding the WB1 blood sample as a discovery sanction. Although Rule

3

16(d)(2)(C) of the Federal Rules of Criminal Procedure states that a district court may "prohibit [a party who fails to comply with Rule 16] from introducing the undisclosed evidence," under *United States v. Finley*, 301 F.3d, 1000, 1018 (9th Cir. 2002), "[e]xclusion is an appropriate remedy for a discovery rule violation only where the omission was willful and motivated by a desire to obtain a tactical advantage." (internal quotation marks, citation, and emphasis omitted). The record did not demonstrate that Tsosie's discovery rule violation was willful and motivated by a desire to obtain a tactical advantage.

The exclusion is not reversible error, however, because it was harmless beyond a reasonable doubt, if that is the applicable standard. *See United States v. Boulware*, 384 F.3d 794, 808 (9th Cir. 2004). The Government's case against Tsosie was strong. Particularly significant was the testimony of Tsosie's neighbor that Tsosie changed his shoes after being accused of causing Martin's injuries. The shoes Tsosie allegedly had been wearing were found, with blood on at least one shoe, outside the house the next day. Other evidence also supported the Government's case.

Tsosie, on the other hand, lacked evidence in support of his defense, and Barkman's testimony about the WB1 sample would not have tipped the scales in his favor. Even accepting Barkman's opinion that the second person's DNA was

not Tsosie's (which the DNA analysis report did not itself say), all that Barkman's testimony would have conclusively established was the presence of someone else in Tsosie and Martin's home sometime before the WB1 sample was collected, more than a year after Martin was killed. But there was no dispute that other people had been in the home before and after the crime, including the George brothers, law enforcement, and people who cleaned the house after Martin's death. There was no indication that the second person's DNA came from blood as opposed to cellular material such as skin. That the second person's DNA was detected at the same place as the blood sample was not shown to be significant.

Because we conclude that the error was harmless beyond a reasonable doubt, even if we assume that the error amounted to a violation of Tsosie's constitutional right to present a complete defense, the conviction should be affirmed. *See Stever*, 603 F.3d at 757 ("A violation of the right to present a defense requires reversal of a guilty verdict unless the Government convinces us that the error was harmless beyond a reasonable doubt.").

**AFFIRMED.**